The document below is hereby signed.

Signed: December 01, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| BARRY DOUGLAS, | ) | Case No. 09-00491 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

```
       MEMORANDUM DECISION REGARDING MOTION TO
   VACATE ORDER FOR OFFSET AND RELEASE OF FUNDS
   TO DEBTOR UNDER RIGHTS GRANTED BY AVOIDING POWERS
```

The debtor has filed a motion requesting the court to vacate its prior order authorizing Western Union Federal Credit Union ("Western Union") to exercise its right of setoff. Previously the debtor was a debtor in Chapter 7. He is now a debtor in possession in Chapter 11. He correctly observes that as a debtor in possession he has the powers of a trustee under 11 U.S.C. § 553(b). That is the primary reason he advances for why it is now appropriate to vacate the court's prior order that lifted the automatic stay to permit Western Union to exercise postpetition its right of setoff.

But § 553(b) concerns the trustee's power to recover an amount that was set off pursuant to a right of setoff that was

exercised prior to the filing of the petition.  A request to recover property requires an adversary proceeding complaint. Fed. R. Bankr. P. 7001.  In any event, the motion does not allege sufficient facts to demonstrate that § 553(b) would be applicable.  Even if Western Union exercised a right of setoff on the day prior to the filing of the petition, which is what the debtor now contends, that alone would be insufficient to establish a right of recovery under § 553(b).  And if Western Union had already exercised its right of setoff prepetition, then the order lifting the automatic stay to authorize an exercise of that right of setoff postpetition would have been ineffective to have any consequence: once a right of setoff has been exercised prepetition, that right of setoff no longer exists to be exercised postpetition.

   The court's prior order lifted the automatic stay to permit Western Union to exercise any right of setoff that existed on the petition date, and the motion to vacate similarly sets forth insufficient facts demonstrating why the order granting such relief was in error and ought to be vacated.  As in the case of failing to allege sufficient facts to demonstrate the applicability of § 553(b) if setoff was exercised prepetition, the debtor has not alleged sufficient facts to demonstrate that any right of setoff that was not exercised prepetition was not preserved by § 553(a).

Moreover, if the right of setoff was unavailable to Western Union under § 553(a), the debtor could have raised that as a defense to the motion for relief from the automatic stay even when he was only a debtor in Chapter 7 and not a debtor in possession in Chapter 11.  He has not addressed Rule 60 of the Federal Rules of Civil Procedure, and the standards he would have to meet under that rule in order to be entitled belatedly to raise that defense.

The debtor also appears to contend that only some of his loan agreements with Western Union included Western Union's being given a security interest (to secure the debt arising from the loan) in the debtor's accounts.  But Western Union would have had a right of setoff as to all debts owed it without the necessity of a loan agreement having specified that Western Union was given a security interest in the debtor's accounts to secure payment of those debts.

An order follows denying the debtor's motion.

[Signed and dated above.]

Copies to: Debtor; Jeffrey A. Vogleman, attorney for Western Federal Credit Union; Office of United States Trustee.