The document below is hereby signed.

Signed: September 8, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BARRY DOUGLAS, | ) | Case No. 09-00491 |
| | ) | (Chapter 7) |
| Debtor. | ) | For publication in West's |
| | ) | Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION FOR TURNOVER

The chapter 7 estate includes a real property referred to as the Rental Property. Relating to the Rental Property, the trustee's motion for turnover seeks an order compelling the debtor to turn over keys to the Rental Property, various records relating to the operation of the Rental Property, and rents from the Rental Property. The motion will be granted with the clarification that the turnover of rents is limited to rent funds the debtor has on hand, with the issue of any recovery of a judgment for rents that have been depleted by the debtor to await the trustee's examination of the rent records, and the filing of a separate motion or adversary proceeding.

The debtor's opposition notes that the debtor is the sole property manager of the Rental Property and performs maintenance

work and other tasks in the operation and management of the Rental Property.  From this he argues that the rents are compensation for his services, and thus are non-estate property, noting that 11 U.S.C. § 541(a)(6) provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, **except such as are earnings from services performed by an individual debtor after the commencement of the case**."  (Emphasis added.)  The rents are owed pursuant to the leases for occupancy of units in the Rental Property, and the debtor does not contend that he had a contract with any of the lessees to compensate him for any personal services.  Accordingly, the rents do not constitute earnings from personal services, and are property of the estate.  *See In re Lockbaum*, No. 09 B 05704, 2010 WL 3522354, at *2 (Bankr. N.D. Ill. Sept. 2, 2010).

    Now that the case is in chapter 7, the debtor has no authorization to draw against the rents to compensate himself for his efforts and expenses relating to the Rental Property (even if, as a debtor in possession in chapter 11, he had such authorization to some extent while the case was in chapter 11). If the debtor wishes to be compensated for his efforts and expenses incurred with respect to the Rental Property, he must file an application for allowance of an administrative expense claim.  The potential filing of such an application is not a

ground for delaying a turnover of rents.

The debtor also argues that there is no equity in the Rental Property, and that turnover of the Real Property is unwarranted under 11 U.S.C. § 542(a) because the Rental Property is of inconsequential value to the estate within the meaning of that statute, and ought to be abandoned.  Even if there is no equity, however, the Rental Property, and rents therefrom, remain property of the estate.  *In re Cicala,* 142 B.R. 570 (Bankr. D.D.C. 1992).  The trustee is entitled to operate the Rental Property and to collect rents so long as the Rental Property remains property of the estate.  There are claims to be paid in the case, and the rents would be a source for paying the claims. Moreover, the information the trustee seeks is pertinent to his evaluating whether there is equity.

The debtor argues that allowing the trustee to operate the Rental Property would be prejudicial to him.  He is concerned that a change in the control of the Rental Property would be disruptive and would cause tenants to move out.  The debtor also fears that the trustee will collect rents but not pay the monthly mortgage obligation, leading to foreclosure, and hurting the debtor's credit record.  However, the rents are a source of income from the property that the unsecured creditors are entitled to have the trustee collect for their benefit. Moreover, prejudice to the debtor cannot trump the right of

unsecured creditors to have the trustee maximize the estate for their benefit.

    An order follows.

                                          [Signed and dated above.]

Copies to: Recipients of e-notification of filings.